**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:   Ladarrion Damon Terrell, Debtor                Case No. 25-51210-KMS
                                                        **CHAPTER 13**

## NOTICE OF FILING CHAPTER 13 PLAN AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

The above-named Debtor has filed a *Chapter 13 plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at Dan M. Russell, Jr., U.S. Courthouse, 2012 15th Street, Suite 244, Gulfport, MS 39501, on or before October 14, 2025. Copies of the objection must be served on the Trustee, US Trustee, Debtor, and Attorney for Debtor.

Objections to confirmation will be heard and confirmation determined on November 18, 2025, at 01:30 PM in the William Colmer Federal Building, 701 N. Main Street, Hattiesburg, MS 39401, unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing.

Date: August 22, 2025                    /s/ Thomas C. Rollins, Jr.
                                         *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Ladarrion Damon Terrell** | |
| | Full Name (First, Middle, Last) | |
| Debtor 2 (Spouse, if filing) | | |
| | Full Name (First, Middle, Last) | |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** | |
| Case number: (If known) | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance 12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$109.50**__ (☐ monthly, ☐ semi-monthly, ☑ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**CL Dews Foundry**
**1599 Edwards St**
**Hattiesburg MS 39401-0000**

Debtor **Ladarrion Damon Terrell**  Case number _____

Joint Debtor shall pay ____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

_____
_____
_____

**2.3  Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows: _____

**2.4 Additional payments.**
  *Check one.*
☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Part 3:  Treatment of Secured Claims

**3.1  Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*
☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
*Insert additional claims as needed.*

**3.2  Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*.

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Credit Acceptance | $15,944.00 | 2017 Volvo S60 T5 164,234 miles | $8,230.50 | $15,944.00 | 10.00% |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning month |
|---|---|---|---|
| -NONE- | | | |

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

**Mississippi Chapter 13 Plan**       Page 2

Debtor __Ladarrion Damon Terrell__    Case number _____

For vehicles identified in § 3.2: The current mileage is _____

**3.3  Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
- ✔ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4  Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*
- ✔ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5  Surrender of collateral.**

*Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
- ✔ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Southstate Bank | Secured Credit Card |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1  General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3  Attorney's fees.**

✔ No look fee: __4,600.00__

   Total attorney fee charged:  $**4,600.00**

   Attorney fee previously paid:  $**272.00**

   Attorney fee to be paid in plan per confirmation order:  $**4,328.00**

☐ Hourly fee: $____. (Subject to approval of Fee Application.)

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
- ✔ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5  Domestic support obligations.**
- ✔ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

Debtor **Ladarrion Damon Terrell** Case number _____

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

- ☑ The sum of $ **0.00**
- ☐ _____% of the total amount of these claims, an estimated payment of $____
- ☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

- ☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

- ☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
- ☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage |
|---|---|---|---|---|
| Heartland Capital Inve | Leased Tiny Home | $600.00  Disbursed by: ☐ Trustee  ☑ Debtor(s) | $0.00 | if any exists, debtor to pay direct |

*Insert additional contracts or leases as needed.*

### Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon entry of discharge.**

### Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**
- ☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9: Signatures:

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X **/s/ Ladarrion Damon Terrell**      X _____
**Ladarrion Damon Terrell**                 Signature of Debtor 2
Signature of Debtor 1

Executed on **August 19, 2025**      Executed on _____

**120 Pilgrim Rd**
**Lot 1**
Address                              Address

| | | | |
|---|---|---|---|
| Debtor | **Ladarrion Damon Terrell** | Case number | |
| | **Seminary MS 39479-0000** | | |
| | City, State, and Zip Code | | City, State, and Zip Code |
| | | | |
| | Telephone Number | | Telephone Number |

X   **/s/ Thomas C. Rollins, Jr.**        Date  **August 19, 2025**

**Thomas C. Rollins, Jr. 103469**
Signature of Attorney for Debtor(s)
**P.O. Box 13767**
**Jackson, MS 39236**
Address, City, State, and Zip Code

**601-500-5533**                                              **103469 MS**
Telephone Number                                          MS Bar Number
**trollins@therollinsfirm.com**
Email Address

**Mississippi Chapter 13 Plan**                                                              Page 5

## **CERTIFICATE OF SERVICE**

I, Thomas C. Rollins, Jr., attorney for the Debtor, do herby certify that by filing the attached Notice and Chapter 13 Plan, I have caused the following partied to be served electronically via ECF:

Case Trustee
Office of the US Trustee

I certify that I have this day served a true and correct copy of the attached Notice and Chapter 13 Plan by US Mail[1], postage prepaid, to the following creditor(s) listed in Sections 3.2 and/or 3.4 of the Plan pursuant to Fed. R. Bankr. P. 7004:

Credit Acceptance Corporation
c/o Corporation Service Company
109 Executive Drive, Suite 3
Madison, MS 39110

I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by US Mail, postage prepaid, to all other parties listed on the attached master mailing list (matrix).

Date: August 22, 2025                    /s/ Thomas C. Rollins, Jr.
                                          *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

---

[1] If the creditor is an insured depository institution, service has been made by certified mail.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| IN RE: | CASE NO: 25-51210-KMS |
|---|---|
| LADARRION DAMON TERRELL | **DECLARATION OF MAILING CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 8/22/2025, I did cause a copy of the following documents, described below,

Notice and Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 8/22/2025

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. 103469
Attorney at Law
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS 39401
601 500 5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:<br>LADARRION DAMON TERRELL | CASE NO: 25-51210-KMS<br>**CERTIFICATE OF SERVICE DECLARATION OF MAILING**<br>Chapter: 13 |

On 8/22/2025, a copy of the following documents, described below,

Notice and Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 8/22/2025

_（signature）_

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS  39401

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

| FIRST CLASS | CASE INFO | ~~EXCLUDE~~ |
|---|---|---|
| CREDIT ACCEPTANCE CORPORATION<br>CO CORPORATION SERVICE CO<br>109 EXECUTIVE DR STE 3<br>MADISON MS 39110 | LABEL MATRIX FOR LOCAL NOTICING<br>NCRS ADDRESS DOWNLOAD<br>CASE 25-51210-KMS<br>SOUTHERN DISTRICT OF MISSISSIPPI<br>FRI AUG 22 8-0-17 PST 2025 | ~~US BANKRUPTCY COURT~~<br>~~DAN M RUSSELL  JR US COURTHOUSE~~<br>~~2012 15TH STREET  SUITE 244~~<br>~~GULFPORT  MS 39501-2036~~ |
| ACIMA<br>9815 S MONROE ST<br>SANDY  UT 84070-4296 | CREDIT ACCEPTANCE<br>ATTN BANKRUPTCY<br>25505 WEST 12 MILE RD<br>STE 3000<br>SOUTHFIELD  MI 48034-8331 | HEARTLAND CAPITAL INVE<br>1104 PARIS RD<br>STE 201<br>MAYFIELD  KY 42066-3328 |
| LVNV FUNDING LLC<br>ATTN BANKRUPT<br>PO BOX 1269<br>GREENVILLE  SC 29602-1269 | SOUTHSTATE BANK<br>901 E 6TH STREET<br>AUSTIN  TX 78702-3239 | SUNBELT FEDERAL CU<br>ATTN BANKRUPTCY<br>6885 US HWY 49<br>HATTIESBURG  MS 39402 |
| ~~EXCLUDE~~<br>~~UNITED STATES TRUSTEE~~<br>~~501 EAST COURT STREET~~<br>~~SUITE 6-430~~<br>~~JACKSON  MS 39201-5022~~ | ~~EXCLUDE~~<br>~~(P)DAVID RAWLINGS~~<br>~~ATTN DAVID RAWLINGS CHAPTER 13 TRUSTEE~~<br>~~PO BOX 566~~<br>~~HATTIESBURG MS 39403-0566~~ | DEBTOR<br>LADARRION DAMON TERRELL<br>120 PILGRIM RD<br>LOT 1<br>SEMINARY  MS 39479-4103 |
| ~~EXCLUDE~~<br>~~THOMAS CARL ROLLINS JR~~<br>~~THE ROLLINS LAW FIRM  PLLC~~<br>~~PO BOX 13767~~<br>~~JACKSON  MS 39236-3767~~ | | |